# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 19-0799V
UNPUBLISHED

| | |
|---|---|
| JEFFREY SCOTT CANTRELL,<br><br>        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | Chief Special Master Corcoran<br><br>Filed: November 21, 2020<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for petitioner.

*Laurie Wiesner*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On May 31, 2019, Jeffrey Cantrell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barré Syndrome (GBS) after receiving the influenza ("flu") vaccination on October 18, 2018. Petition at 1. Petitioner further alleges that the onset of GBS occurred between three and forty-two days after the flu vaccination and that there was no apparent alternative cause for the GBS. Petition at 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 21, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. ECF 23. On November 19, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $166,256.66.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer at 2. Specifically, Respondent proffers that Petitioner should be awarded $140,000.00 for pain and suffering; $18,154.35 for past lost wages; $6,401.91 for past, unreimbursed medical expenses; and $1,700.40 for future, unreimbursable medical expenses. *Id*. at 1. In the Proffer, Respondent further represented that Petitioner agrees with the proffered award. *Id*. at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $166,256.66 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                  **s/Brian H. Corcoran**
                                                  Brian H. Corcoran
                                                  Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JEFFREY SCOTT CANTRELL,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | **No. 19-799V**<br>Chief Special Master Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 31, 2019, Jeffrey Scott Cantrell ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered from Guillain-Barre Syndrome as a result of an influenza vaccine he received on October 18, 2018. Petition at 1. On May 21, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, and on May 21, 2020, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 23; ECF No. 27.

**I.    Items of Compensation**

Respondent proffers that petitioner should be awarded $140,000.00 for pain and suffering, $18,154.35 for past lost wages, $6,401.91 for past, unreimburseable medical expenses, and $1,700.40 for future, unreimburseable medical expenses. These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.     Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$166,256.66** in the form of a check payable to petitioner.[1]  This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division


/s/ Laurie Wiesner
LAURIE WIESNER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 305-0253
laurie.wiesner@usdoj.gov

DATED:  November 19, 2020

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.